10-110-ag
Ye v. Holder

BIA
A077 993 844

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of November, two thousand ten.

PRESENT:
      ROGER J. MINER,
      JOSEPH M. McLAUGHLIN,
      ROBERT A. KATZMANN,
         *Circuit Judges*.

_____

DE JIN YE,
     *Petitioner*,

      v.                    10-110-ag
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:     Peter L. Quan, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Arthur L. Rabin, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner De Jin Ye, a native and citizen of the People's Republic of China ("China"), seeks review of a December 17, 2009 decision of the BIA denying his motion to reopen. *In re De Jin Ye,* No. A077 993 844 (B.I.A. Dec. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review the BIA's evaluation of country conditions evidence submitted with a motion to reopen under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is beyond dispute that Ye's motion to reopen was untimely, as it was filed almost five years after the agency's order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply to a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of

2

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, Ye waives any challenge to the BIA's finding that he failed to satisfy such exception, arguing instead that the BIA failed to adequately consider the evidence he submitted in support of his motion.

Contrary to Ye's argument, there is no indication that the BIA ignored any evidence Ye submitted because the BIA explicitly referenced all of the materials he submitted with his motion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Moreover, the BIA reasonably declined to credit the unauthenticated notice Ye submitted based on the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007). Accordingly, because Ye waives any challenge to the BIA's dispositive finding that he failed to satisfy the exception to the time limitation applicable to motions to reopen, and

3

because the BIA adequately considered his evidence, we find that the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2).

We further note that the BIA did not err in finding that, in the alternative, Ye failed to establish his *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Contrary to Ye's argument, the BIA reasonably found that because Ye had practiced Falun Gong exclusively in the United States, his situation differed from that of Falun Gong practitioners in China. Because Ye submitted no credible evidence discussing the treatment of individuals who had practiced Falun Gong in the United States, the BIA reasonably found that Ye failed to establish his *prima facie* eligibility for relief, which provided an alternative and independent basis for denying his motion to reopen. *See id*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk